**Brian C. Butler, OSB #981903**
**Assistant Federal Public Defender**
**15 Newtown Street**
**Medford, OR 97501**
**(541) 776-3630 Telephone**
**(541) 776-3624 Facsimile**
**Brian_Butler@fd.org**

**Attorney for Defendant**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CR No. 09-30041-PA** |
| **Plaintiff,** | |
| | **RULE 16 REQUEST TO** |
| v. | **DISCOVER EVIDENCE** |
| **CLIFFORD R. TRACY,** | |
| **Defendant.** | |

Defendant, Clifford R. Tracy, by his counsel, requests discovery pursuant to Fed.R.Crim.

16 and the additional authorities set forth in this request.

### NOTICE OF UNCONDITIONAL RECEIPT

All parties should take note that all information which the government is obligated by

statute, rule or case law to produce to the defendant will be received by us without conditions of

non-disclosure.

**SCOPE OF DEMAND**

Rule 16 is "intended to prescribe the <u>minimum</u> amount of discovery to which the parties are entitled.  It is not intended to limit the judge's discretion to order broader discovery in appropriate cases." *United States v. Armstrong*, 116 S.Ct. 1480, 1491 (1996) (Breyer J., concurring); *United States v. Burnes*, 15 F.3d 211, 215 n.2 (1st Cir. 1994) (same).  Moreover, under the principles of *Brady v. Maryland*, 373 U.S. 83 (1963), "the individual prosecutor has a <u>duty to learn</u> of any favorable evidence known to the others acting on the government's behalf in the case, including the police." *Kyles v. Whitley*, 115 S. Ct. 1555, 1567 (1995) (emphasis added); *United States v. Hanna*, 55 F.3d 1456 (9th Cir. 1995) (same).

Additionally, the prosecutor is obligated personally to make specific inquiry of each government agent and agency in any way connected to the case for each category of required disclosure, even if the agent or agency is outside the District of Oregon.  *Kyles v. Whitley*, 115 S. Ct. 1555, 1567 (1995) ("the individual prosecutor has a duty to learn of any favorable evidence known to others acting on the government's behalf in the case, including the police"); *United States v. Alverez*, 86 F.3d 910 (9th Cir. 1996) ("the better practice is for the prosecutor herself to review [surveillance notes for Brady Materials]"); *United States v. Wood*, 57 F.3d 733, 737 (9th Cir. 1995) (prosecutor has duty to consult with investigating agency for *Brady* material); *United States v. Hanna*, 55 F.3d 1456 (9th Cir. 1995) (prosecutor "has a duty to learn of any favorable evidence known to others acting on the government's behalf in the case, including the police"); *United States v. Bryan*, 868 F.2d 1032, 1036-37 (9th Cir.) (Prosecutor deemed to have knowledge of, and access to, anything in possession, custody or control of any federal agency even if outside district of prosecution), *cert. denied*, 493 U.S. 858 (1989); *United States v.*

*Perdomo*, 929 F.2d 967, 969-971 (3rd Cir. 1991) (U.S. attorney responsible for locating criminal

record in local jurisdiction as well as NCIC records); *United States v. Endicott*, 869 F.2d 452

455-56 (9th Cir. 1989) (knowledge of payments to witness imputed to prosecutor); *United States*

*v. Butler*, 567 F.2d 885, 891 (9th Cir. 1978) (prosecutor responsible for promise by agent even if

prosecutor did not know of it); *United States v. Bailleux*, 685 F.2d 1105, 1113 (9th Cir. 1982)

(tape in custody of FBI is deemed in custody of U.S. Attorney).

### DEMAND FOR CONTINUING DISCOVERY

The government has a continuing duty to disclose the requested information as soon as

the government discovers its existence.  *See Mooney v. Holohan*, 294 U.S. 103, 108 (1935)

(prosecutor must disclose that witness had committed perjury even when he first learns this at

trial); *United States v. Chestang*, 849 F.2d 528, 532 (11th Cir. 1988) (continuing duty to disclose

breached when prosecutor did not disclose fact that witness would soon accept immunity offer).

The defendant demands continuing discovery.

### REQUEST FOR *IN CAMERA* REVIEW

Disclosure is required even if, in the government's view, the evidence is not admissible at

trial.  *Spence v. Johnson*, 80 F.3d 989, 998 (5th Cir. 1996).  Should the government have a good

faith doubt whether evidence should be disclosed, it is required to ask the court for an *in camera*

review.  *See United States v. Bailleux*, 685 F.2d 1105, 1114-15 (9th Cir. 1982) (Rule 16

discovery); *United States v. Scafe*, 822 F.2d 928, 936 (10th Cir. 1987) (good faith belief that

defendant's statements not discoverable does not excuse failure to disclose); *United States v.*

*Lehman*, 756 F.2d 725, 729 (9th Cir.) (prosecution must either disclose the material or submit it

to the court), *cert. denied*, 474 U.S. 994 (1985); *United States v. Cadet*, 727 F.2d 1453, 1470 (9th

Cir. 1984).

## REQUESTED DISCOVERY

In light of the foregoing, and pursuant to the authority set forth below, the defendant

requests discovery of the following:

1.      All state or federal reports relating to the circumstances of any search involving

the defendant or his property, each co-defendant, if any, and his property, or any other search

related to this case, listing the items seized and the information obtained as a result of these

searches.  This information is necessary to enable the defendant to prepare motions to suppress

evidence.  Fed. R. Crim. P. 16(a)(1)(C); 12(d)(2)(I) and 41(d) & (f).[1]

2.      All written or recorded statements of the defendant and any co-defendant

(including but not limited to grand jury testimony, telephone calls, depositions, etc.); *see* Rule

16(a)(1)(A); *United States v. Bailleux*, 685 F.2d 1105, 1114 (9th Cir. 1982) ("government should

disclose any statement made by the defendant that may be relevant"); *United States v. Lanoue*, 71

F.3d 966 (1st Cir. 1995) (Rule 16 violation where government failed to turn over transcript of

defendant's recorded telephone call with defense witness-conviction reversed).

3.      The substance of all oral statements of the defendant and any co-defendant to any

government agent; *United States v. Alex*, 788 F. Supp. 1013, 1016 (N.D. Ill. 1992); *United States*

*v. Bailleux*, 685 F. 2d 1105, 1114 (9th Cir. 1982) ("government should disclose any statement

made by the defendant that may be relevant") [emphasis added]; *United States v. Camargo-*

---

[1]All further references to "Rules" are to the Federal Rules of Criminal Procedure.

*Vergara*, 57 F.3d 993, 998-999 (11th Cir. 1995) (reversible error to fail to disclose defendant's

post-arrest statement where defense strategy affected).

4.      Any agent's underlying rough notes of the statements requested in items 2 and 3

above.  *See United States v. Harris*, 543 F.2d 1247, 1253 (9th Cir. 1976) (rough notes of

interviews, especially with the accused, are discoverable and must be preserved); *United States v.*

*Layton*, 564 F. Supp. 1391, 1395 (D. Or. 1983) (court exercises discretion under Rule 16 to order

disclosure of notes of interview with defendant).  This request includes all entries in officers'

field notebooks or equivalent.

5.      A copy of the defendant's and co-defendant's record of prior convictions and the

FBI rap sheet.  Rule 16(a)(1)(B); *see United States v. Audelo-Sanchez*, 923 F.2d 129, 130 (9th

Cir. 1990).  Both national and local criminal records should be searched.  *See United States v.*

*Perdomo*, 929 F.2d 967 (3rd Cir. 1991).

6.      All books, papers, documents, tangible objects, photographs, buildings or places

which are "material to the preparation of the defense."  Rule 16(a)(1)(C).

7.      All items in request 6 above which "belong to" the defendant.  Rule 16(a)(1)(C).

8.      All items in request 6 above which were "obtained from" the defendant.  Rule

16(a)(1)(C).

9.      Any evidence, including but not limited to the items in request 6 above, which are

"intended for use by the government" as evidence in its case in chief.  Rule 16(a)(1)(C); *see* Rule

12(d)(2); *United States v. de la Cruz-Paulino*, 61 F.3d 986, 992-995 (1st Cir. 1995)

(government's failure to designate evidence was violation of Rule 12(d)(2) "which creates a

notice requirement").

10.     Any and all results or reports of physical or mental examinations and of scientific

tests or experiments, including but not limited to, chemical analysis, fingerprints, voice prints,

and handwriting.  Rule 16(a)(1)(D).

11.     A written summary of all expert-witness testimony you intend to offer in your

case-in-chief, whether or not the expert has prepared a written report, describing "the witnesses'

opinions, the bases and reasons therefor, and the witnesses' qualifications."  Rule 16(a)(1)(E);

*United States v. Richmond*, 153 F.R.D. 7 (D. Mass. 1994) (disclosure of existing summaries of

experts must occur "forthwith"; others no later than 45 days before trial); *United States v.

Barrett*, 703 F.2d 1076, 1081 (9th Cir. 1983) ("fairness requires that adequate notice be given to

the defense to check conclusions and findings of experts"); *United States v. Eduardo-Franco*,

885 F.2d 1002, 1009 (2d Cir. 1989) (defendants could not hire their own expert "until they were

informed of the adverse report of the government expert").

12.     A description of any prior conviction or prior "similar act" you will seek to

introduce at trial.  F.R.Ev. 404(b) (requiring "reasonable notice in advance of trial . . . of the

general nature of any such evidence"); *United States v. Cook*, 608 F.2d 1175, 1186 (9th Cir.

1979) (*en banc*) ("trial by ambush" is counterproductive and "advance planning" for ruling on

motion in limine . . . helps both parties and the court), *cert. denied*, 444 U.S. 1034 (1980).

13.     The personnel files of each law enforcement agent who will testify in the case.

The Assistant U.S. Attorney should direct that such files be examined for evidence of any

allegations that any officer has ever made a false statement or has a reputation for dishonesty.

*United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991), *cert. denied*, 503 U.S. 972 (1992); *Kyles

v. Whitley*, 115 S. Ct. 1555, 1567 (1995) ("prosecutor personally has a duty to learn of any

favorable evidence known to others acting on the government's behalf"); *see United States v.*

*Calise*, 996 F.2d 1019, 1021 (9th Cir. 1993) (error not to disclose magistrate's characterization of

agent's testimony as "absolutely incredible" which was in personnel file) *cert. denied*, 444 U.S.

1054 (1994); *see United States v. Kiszewski*, 877 F.2d 210, 216 (2nd Cir. 1989) (court must

conduct *in camera* review of agent's personnel file to determine if impeachment matter

[allegations that agent accepted bribes] should be disclosed).

14.     Reports and records relating to any eavesdropping, wiretapping, electronic

recording of any kind relating to this case. *See 18 U.S.C.* § 2511 *et. seq.*

15.     All notes or other writings or documents used by a prospective government

witness before the grand jury. *United States v. Wallace*, 848 F.2d 1464, 1470 (9th Cir. 1988).

16.     The names and addresses of all percipient witnesses interviewed by the

government whom the government does not intend to call at the trial. *United States v. Cadet*,

727 F.2d 1453, 1469 (9th Cir. 1984).

17.     The arrest and conviction record of each prospective government witness. *United*

*States v. Strifler*, 851 F.2d 1197, 1202 (9th Cir. 1988) (criminal records of witnesses must be

disclosed even if contained in witness' probation file), *cert. denied*, 489 U.S. 1032 (1989);

*Perkins v. Lefevre*, 691 F.2d 616 (2nd Cir. 1982); *United States v. Auten*, 632 F.2d 478, 481-82

(5th Cir. 1980).  The government is required to search both national and local criminal record

files. *See United States v. Perdomo*, 929 F.2d 967 (3rd Cir. 1991).

18.     Any evidence that a criminal case has recently been dismissed against any

prospective government witness. *See United States v. Smith*, 77 F.3d 511 (D.C. Cir. 1996)

(dismissal of two felony cases pending against prosecution witness was material to impeachment

and should have been disclosed pursuant to *Brady*); *United States v. Anderson*, 881 F.2d 1128, 1138-39 (D.C. Cir. 1989).

19.    Any evidence that any prospective government witness has any criminal charge pending against him. *United States v. Fried*, 486 F2d 201 (2nd Cir. 1973), *cert. denied*, 416 U.S. 983 (1974); *United States v. Maynard*, 476 F.2d 1170, 1174 (D.C. Cir. 1973) (pending indictment relevant to bias and motive of witness).

20.    Any evidence that any prospective government witness is under investigation by federal or state authorities. *United States v. Chitty*, 760 F.2d 425, 428 (2nd Cir.), *cert. denied*, 474 U.S. 945 (1985).

21.    Reports, records, or memoranda of federal or state agencies which describe, refer to, or otherwise comment upon their relationship with any informant involved in this case.

22.    Any evidence of express or <u>implicit</u> understandings, offers of immunity, special treatment while in custody, or of past, present, or future compensation between the government or any of its agents and any prospective government witness or his agent. *See Giglio v. United States*, 405 U.S. 150 (1972) (agreement not to prosecute); *United States v. Shaffer*, 789 F.2d 682, 689 (9th Cir. 1986) (monies paid for ongoing undercover cooperation in another case); *United States v. Butler*, 567 F.2d 885, 889 (9th Cir. 1978) (prosecutor's "assurances" of future benefits); *United States v. Risken*, 788 F.2d 1361, 1375 (8th Cir.) (implied contingent fees) *cert. denied*, 479 U.S. 923 (1986); *United States v. Eduardo-Franco*, 885 F.2d 1002, 1010 (2nd Cir. 1989) (earnings of informant in past cases "highly relevant to the question of potential bias and interest"); *United States v. Partin*, 493 F.2d 750, 759 (5th Cir 1974) ("protective" custody status, per diem and special privileges); *Brown v. Wainwright*, 785 F.2d 1457, 1465 (11th Cir. 1986)

(implicit understanding must be disclosed even if no "promise" and even if conditional); *United States v. Boyd*, 55 F.3d 239 (7th Cir. 1995) (reversible error not to disclose favors to cooperating witnesses including use of illegal drugs, regular unsupervised access to female visitors which facilitated sex and drugs in U.S. Attorney's Office, and gifts of money, beer, cigarettes, etc.); *United States v. Burnside*, 824 F. Supp. 1215 (N.D. Ill. 1993) (same).

23.     Any evidence that any prospective witness has applied to, or requested from, the government any consideration or benefit including but not limited to any plea bargain, dismissal of any charge, sentence reduction or early parole, whether or not the government agreed to such a request. *Reutter v. Solem*, 888 F.2d 578, 581 (8th Cir. 1989); *Brown v. Dugger*, 831 F.2d 1547, 1558 (11th Cir. 1987).

24.     Any evidence of any discussion about, or advice concerning, any plea bargain or requested benefit between the government and any prospective witness. *United States v. Kojayan*, 8 F.3d 1315 (9th Cir. 1993) (conviction reversed and case remanded to consider dismissal as sanction for government's failure to disclose deal between witness and government, which witness government chose not to call at trial); *Haber v. Wainwright*, 756 F.2d 1520, 1523-24 (11th Cir. 1985) (government "advice" to witness must be disclosed); *Campbell v. Reed*, 594 F.2d 4, 7 (4th Cir. 1979) (agreement between the prosecutor and the witness' attorney, where witness was informed that "everything would be all right", must be disclosed); *DuBose v. Lefevre*, 619 F.2d 973, 978-79 (2nd Cir. 1980) (prosecutor's statement to the witness that he "would do the right thing" must be disclosed to the defense even if the witness is unaware of its exact meaning.)

25.    The full scope of any witness' past cooperation with the government, including

but not limited to all monies, benefits, and promises received in exchange for cooperation, the

full extent of the witness' assets, and the status of the witness' present and past income tax

liability.  *United States v. Shaffer*, 789 F.2d 682, 688-89 and n.7 (9th Cir. 1988); *United States v.*

*Eduardo-Franco*, 885 F.2d 1002, 1010 (2nd Cir. 1989) (evidence of past services highly relevant

to bias and interest).

26.    All statements of any prospective witness relevant to his testimony or relevant to

impeachment or bias.  *See Kyles v. Whitley*, 115 S. Ct. 1555 (1995) (reversible error not to

disclose evidence of misidentification by crucial witness); *United States v. Brumel-Alvarez*, 991

F.2d 1452 (9th Cir. 1992) (informant's recantation of earlier statement to D.E.A. had to be

disclosed as Jencks Act as it bore on credibility); *United States v. Tincher*, 907 F.2d 600 (6th Cir.

1990) (reversible error for prosecutor to withhold grand jury testimony of witness that could

contradict his trial testimony).

27.    Any evidence that any prospective witness has made an inconsistent statement to

the government or any of its agents with respect to his or her proposed testimony.  *See Kyles v.*

*Whitley*, 115 S. Ct. 1555 (1995) (reversible error not to disclose evidence of misidentification by

crucial witness); *United States v. Cuffie*, 80 F. 3d 514 (D.C. Cir. 1996) (reversible error not to

disclose evidence that prosecution witness had lied under oath in a previous court proceeding

involving same drug conspiracy); *United States v. Isgro*, 974 F.2d 1091 (9th Cir. 1992) (although

dismissal of indictment was not warranted, the court found gross misconduct where prosecutor

failed to disclose prior grand jury testimony of witness which was inconsistent with his trial

testimony), *cert. denied*, 507 U.S. 985 (1993); *McDowell v. Dixon*, 858 F.2d 945, 949 (4th Cir.

1988) (reversible error to withhold victim's prior inconsistent statement to police about

description of attacker), *cert. denied*, 489 U.S. 1033 (1989); *Lindsey v. King*, 769 F.2d 1034,

1041-43 (5th Cir. 1985) (reversible error to withhold eyewitness' original statement to police that

he could not identify assailant); *Chavis v. North Carolina*, 637 F.2d 213, 223 (4th Cir. 1980)

(contradictory statements of witness must be disclosed); *Powell v. Wiman*, 287 F.2d 275, 279-80

(5th Cir. 1961) (same).

        28.     Any evidence that any prospective government witness has made a statement

inconsistent with or contradictory to any statement by any other person whether or not a

prospective witness. *See United States v. Minsky*, 963 F.2d 870, 874-77 (6th Cir. 1992) (witness'

statement to FBI contradicted by third party); *Hudson v. Blackburn*, 601 f.2d 785, 789 (5th Cir.

1979) (statement of police officer refuting witness' statement that he identified defendant at

lineup); *United States v. Hibler*, 463 F.2d 455, 460 (9th Cir. 1972) (statement of police officer

casting doubt on story of witness); *Hudson v. Whitley*, 979 F.2d 1058, 1064 (5th Cir. 1992)

(statement of witness identifying another person as killer); *United States v. Galvis-Valderamma*,

841 F.Supp. 600 (D.N.J. 1994) (new trial granted where statements made by arresting officer to

FBI agent that bag of heroin found in car not in plain view should have been disclosed).

        29.     Any evidence that any government witness has threatened another government

witness in an attempt to influence his testimony. *United States v. O'Connor*, 64 F.3d 355, 359

(8th Cir. 1995), *cert. denied, sub. nom., Monreal v. United States*, 116 S.Ct. 1581 (1996).

        30.     Any evidence that a witness has engaged in crimes, even though he has not been

convicted of those crimes. *See United States v. Osorio*, 929 F.2d 753, 758 (1st Cir. 1991)

(prosecutor "using a witness with an impeachable past has a constitutionally derived duty to

search for and produce impeachment information requested regarding the witness"); *Powell v.*

*Wiman*, 287 F.2d 275, 279-80 (5th Cir. 1961) (admission of witness to prosecutor that he

engaged in several crimes should have been disclosed); *United States v. Boffa*, 513 F.Supp. 444

(D.C. Del. 1980); (prior bad acts of witness discoverable); *United States v. Burnside*, 824

F.Supp. 1215 (N.D. Ill. 1993) (reversible error not to disclose ongoing illegal drug use by

cooperating witnesses).

       31.     Any evidence that any prospective government witness has ever made any false

statement to law enforcement authorities.  *United States v. Bernal-Obeso*, 989 F.2d 331, 336-7

(9th Cir. 1993) (informant's lie to DEA about his criminal record); *United States v. Brumel-*

*Alvarez*, 991 F.2d 1452 (9th Cir. 1992) (DEA agent's opinion of informant credibility); *United*

*States v. Strifler*, 851 F.2d 1197, 1202 (9th Cir. 1988) (probation file listing instances of the

witness lying to authorities); *United States v. Minsky*, 963 F.2d 870, 875 (6th Cir. 1992) (error

not to disclose witness' false statements to FBI).

       32.     Any evidence that any witness has a tendency to lie or exaggerate his testimony.

*United States v. Brumel-Alvarez*, 991 F.2d 1452 (9th Cir. 1992) (DEA agent's negative view of

informant's credibility); *United States v. Strifler*, 851 F.2d 1197, 1202 (9th Cir. 1988) (must

disclose probation file of witness showing tendency to lie or overcompensate).

       33.     Any evidence that any prospective witness has consumed alcohol or drugs prior to

witnessing or participating in the events that gave rise to his testimony or any time prior to

testifying in court.  *See United States v. Butler*, 481 F.2d 531, 534-535 (D.C. Cir. 1973) (drug use

impairs memory judgment and credibility); *United States v. Burnside*, 824 F. Supp. 1215 (N.D.

Ill. 1995) (reversible error to fail to disclose witnesses drug use because "illegal drug use by the

cooperating witnesses was relevant to the witnesses' abilities to recollect and relate events . . .

and clear inducements from which a fact-finder could infer witnesses wanted to stay on

government prosecutor's good side").

34.    Any medical, psychological, or psychiatric evidence tending to show that any

prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired.

*See United States v. Lindstrom*, 698 F.2d 1154, 1163-68 (11th Cir. 1983) (psychiatric records

relevant to credibility); *Chavis v. North Carolina*, 637 F.2d 213, 224 (4th Cir. 1980) (psychiatric

records reflecting on the competency or credibility of witness); *United States v Butler*, 481 F.2d

531, 534-535 (D.C. Cir. 1993) (drug use); *United States v. McFarland*, 371 F.2d 701, 705 (2nd

Cir.) (Prior hospitalizations of witness for mental illness), *cert. denied*, 387 U.S. 906 (1966);

*Powell v Wiman*, 287 F.2d 275, 279 (5th Cir. 1961) (same).

35.    Any evidence that a prospective government witness is biased or prejudiced

against the defendant or has a motive to lie, exaggerate, falsify or distort his testimony.  *See*

*United States v. Strifler*, 851 F.2d 1197, 1202 (9th Cir. 1988) (motive to inform discoverable).

36.    Any impeaching or bad character evidence relating to any informant.  *United*

*States v. Bernal-Obeso*, 989 F.2d 331, 335 (9th Cir. 1993) ("it is essential that relevant evidence

bearing on the credibility of an informant-witness be timely revealed to the defense counsel").

37.    Any evidence that a prospective government witness has not passed a polygraph

examination or had inconclusive results.  *Carter v. Rafferty*, 826 F.2d 1299, 1305 (3rd Cir.

1987), *cert. denied*, 484 U.S. 1011 (1988); *United States v. Lynn*, 856 F.2d 430, 432-33 (1st Cir.

1988).

38.     Any evidence that someone other than the defendant committed, or was ever

suspected of committing, the crime charged.  *Brady v. Maryland*, 373 U.S. 83 (1963) (statement

of accomplice that he, not defendant, did actual shooting); *United States v. Crosby*, 75 F.3d 1343,

1346 (9th Cir. 1996) (reversible error to not admit evidence that person other than defendant was

the guilty party); *United States v. Perkins*, 937 F.2d 1397, 1400 (9th Cir. 1991) ("a defendant is

entitled to introduce evidence which tends to prove someone else committed the crime"); *Banks*

*v. Reynolds*, 54 F.3d 1508 (10th Cir. 1995) (reversible error not to disclose to defense that

another person had been arrested for same crime); *Smith v. Secretary of New Mexico Department*

*of Corrections*, 50 F.3d 801, 834 (10th Cir.) (defendant denied fair trial by failure to disclose

police reports, physical evidence, and witness statements pointed to a different murder suspect),

*cert. denied, Mondragon v. Smith*, 116 S.Ct. 272 (1995); *Hudson v. Whitley*, 979 F.2d 1058 (5th

Cir. 1992) (for 25 years state suppressed evidence that crucial witness identified photograph of

person other than defendant, which person was arrested but released); *Miller v. Angliker*, 848

F.2d 1312, 1321-23 (2nd Cir. 1988) (reversible error not to disclose evidence suggesting that

person other than defendant committed murders), *cert. denied*, 488 U.S. 980 (1988); *Bowen v.*

*Maynard*, 799 F.2d 593, 613 (10th Cir.) (reversible error not to disclose existence of suspect who

resembled defendant), *cert. denied,* 479 U.S. 962 (1986); *Walker v. Lockhart*, 763 F.2d 942 (8th

Cir. 1985) (*en banc*) (due process violated when police suppressed statement by prisoner

arguably admitting that he committed the shooting for which the defendant was convicted), *cert.*

*denied,* 478 U.S. 1020 (1986); *Sellers v. Estelle*, 651 F.2d 1074, 1076-77 (5th Cir. 1981) (failure

to disclose police reports suggesting guilty of another reversible error) *cert. denied,* 455 U.S. 927

(1982); *James v. Jago*, 575 F.2d 1164, 1168 (6th Cir.) (error not to disclose statement of witness

not mentioning defendant) *cert. denied,* 439 U.S. 883 (1978).

39.    Any evidence that the government or any of its agents has ever viewed a

prospective government witness as not truthful.  *United States v. Brumel-Alvarez*, 991 F.2d 1452

(9th Cir. 1992).

40.    The name of any person, whether or not he will be a witness, who could not

identify the defendant or was unsure of his identity or his participation in the crime charged, and

the content of any such statement.  *See Kyles v. Whitley*, 115 S.Ct. 1555 (1995) (reversible error

not to disclose evidence of misidentification by crucial witness); *James v. Jago*, 575 F.2d 1164,

1168 (6th Cir.) (statement of eyewitness to crime which did not mention defendant must be

disclosed), *cert. denied,* 39 U.S. 883 (1978); *Jackson v. Wainwright*, 390 F.2d 288, 298 (7th Cir.

1968) (prosecution must disclose statement of witness casting doubt on defendant's identity);

*United States v. Wilkins*, 326 F.2d 135 (2nd Cir. 1964) (reversible error to fail to disclose names

of two witnesses who said that the defendant was not the bank robber after viewing him at police

station).

41.    Any physical evidence tending to exculpate the defendant in whole or in part,

tending to mitigate punishment, or tending to impeach a government witness.  *See Miller v. Pate*,

386 U.S. 1 (1967) (reversible error not to disclose evidence that clothing was covered with paint,

not blood); *United States v. Wood*, 57 F.3d 733 (9th Cir. 1995) (government had duty to disclose

results of company research which would have been useful in impeaching government

witnesses).

*See also United States v. Alzate*, 47 F.3d 1103, 1109 (11th Cir. 1995) (new trial granted where prosecutor failed to correct his misstatement of fact which prejudiced defendant); *Ballinger v. Kerby*, 3 F.3d 1371, 1376 (10th Cir. 1993) (due process violated by failure to produce possibly impeaching photos of crime scene which would have buttressed defense that witness could not have seen out of windows in order to identify defendant); *United States v. Spagnoulo*, 960 F.2d 990, 994 (11th Cir. 1992) (psychiatric report raising question as to defendant's sanity and competence); *Walker v. Lockhart*, 763 F.2d 942 (8th Cir. 1985) (*en banc*) (transcript of prisoner conversation in which he arguably admitted crime for which defendant on trial), *cert. denied*, 106 S.Ct. 3332 (1986); *United States v. Poole*, 379 F.2d 645 (7th Cir. 1967) (medical exam showing no evidence of sexual assault); *Barbee v. Warden, Maryland Penitentiary*, 331 F.2d 842 (4th Cir. 1964) (ballistics report showing gun in evidence was not the assault weapon); *Ashley v. Texas*, 319 F.2d 80 (5th Cir.) (Psychologist's report that defendant was incompetent to stand trial) *cert. denied*, 375 U.S. 931 (1963); *United States v. Weintraub*, 871 F.2d 1257, 1264 (5th Cir. 1989) (sentence vacated where prosecutor failed to disclose testimony of co-conspirator which lessened amount of drugs attributable to the defendant).

42.    Any evidence mitigating the punishment of the defendant, whether or not the sentence is pursuant to the guidelines. *Brady v. Maryland*, 373 U.S. 83 (1963) (accomplice statement that he, not defendant, was actual shooter mitigates punishment of defendant); *Blazak v. Ricketts*, 1 F.3d 891 (9th Cir. 1993) (due process violated where prosecution suppressed psychiatric reports questioning defendant's competence to stand trial); *United States v. Spagnoulo*, 960 F.2d 990 (11th Cir. 1992) (psychiatric report raising question as to defendant's sanity and competence); *United States v. Weintraub*, 871 F.2d 1257, 1264 (5th Cir. 1989)

(sentence vacated where prosecutor failed to disclose testimony of co-conspirator which lessened amount of drugs attributable to defendant); *Lewis v. Lane*, 832 F.2d 1446 (7th Cir.) (Evidence that defendant did not have valid prior conviction which made him death eligible) *cert. denied*, 488 U.S. 829 (1987).

43.     The commencement and termination date of the grand jury that indicted the defendant.  *In Re Grand Jury*, 903 F.2d 180 (3d Cir. 1990).

44.     The number (not names) of grand jurors attending each session of the grand jury and the number of grand jurors (not names) voting to indict.  *See United States v. Leverage Funding Systems, Inc.*, 637 F.2d 645 (9th Cir.) (prerequisites to valid indictment are that "every grand jury session was attended by at least 16 jurors" and that "at least 12 jurors voted to indict") *cert. denied*, 452 U.S. 961 (1980); *United States v. Alter*, 482 F.2d1016, 1029 n.21 (9th Cir. 1973) (ministerial matters like court's legal instructions to grand jury must be disclosed).

45.     The name of every prospective government witness to be called at trial.  *See Arizona v. Maypenny*, 672 F.2d 761, 765 (9th Cir.) (Court has inherent authority to order discovery of names of witnesses), *cert. denied*, 459 U.S. 850 (1982); *United States v. Armstrong*, 621 F.2d 951, 955 (9th Cir. 1980) (same); *United States v. Tucker*, 716 F.2d 576, 583 (9th Cir. 1983) (ineffective assistance of counsel to fail to interview government witnesses before trial); *Callahan v. United States*, 371 F.2d 658, 660 (9th Cir. 1967) ("both sides have right to interview witnesses before trial").

RESPECTFULLY SUBMITTED this 9th day of October, 2009.

s/Brian C. Butler
Brian C. Butler
Assistant Federal Public Defender