Brian C. Butler
Assistant Federal Public Defender
15 Newtown Street
Medford, Oregon 97501
(541) 776-3630
Brian_Butler@fd.org

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR 09-30041-PA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MOTION FOR JUDGMENT |
| | ) | OF ACQUITTAL |
| CLIFFORD R. TRACY, | ) | |
| | ) | |
| Defendant. | ) | |

Pursuant to Federal Rule of Criminal Procedure 29(c), the defendant, Clifford. R. Tracy, through counsel, Brian C. Butler, respectfully moves the Court to grant his motion for a judgment of acquittal as to the indictment alleging a violation of 36 C.F.R. 261.10(p) for knowingly using or occupying National Forest System land by excavating soil and/or conducting mining operations, without an approved operating plan when such authorization was required.   Mr. Tracy believes that the government's proof is insufficient because Mr. Tracy was not required to receive authorization to mine on National Forest System land.

# ARGUMENT

A. **The United States Forest Service Has Not Been Delegated Authority to Unreasonably Circumscribe the Statutorily Guaranteed Mining Rights Codified in the General Mining Laws**

Mr. Tracy was not required to have an approved Plan of Operations because the United States Forest Service exceeded its authority to regulate mining activity when it refused to take action on Mr. Tracy's plan of operations for more than four years.

The Supreme Court has recognized that in making public lands available to people for purposes of mining valuable mineral deposits, it was the intent of Congress to reward and encourage discovery of minerals that are valuable in the economic sense. *United States v. Coleman*, 390 U.S. 599 (1968). Therefore, in an effort to open the lands of the country to unfettered economic development by mineral exploration, Congress codified a patchwork of rights known as the General Mining Laws throughout Title 30 of the United States Code.

These rights have been jealously guarded not only by individual miners, but by Congress as well. When the forest service began the process of developing regulations governing the use of surface resources in connection with the mining activities on national forests, the Chairman of the House Committee on Interior and Insular Affairs, Subcommittee on Public Lands "wrote the Chief of the Forest Service and stated that 'the 1897 [Organic] Act clearly cannot be used as authority to prohibit prospecting, mining, and mineral processing' in national forests.'" *Karuk Tribe*, 379 F. Supp. 2d at 1077 (quoting Letter from Rep. John Melcher to John McGuire, Forest Service Chief (June 20,

1974), reproduced in S. Dempsey, *Forest Service Regulations Concerning the Effect of Mining Operations on Surface Resources*, 8 Nat. Res. Law 481, 497-504 (1975)).  The chairman was concerned with more than outright prohibition of mining rights; he also urged the forest service to guard against "the possibility of unreasonable enforcement of the regulations... resulting [in] cost increases that could make otherwise viable mineral operations prohibitively expensive." *Id*. at 1078 (quoting 39 Fed. Reg. 31317 (Aug. 28, 1974)).

    The concerns expressed by the Subcommittee Chairman provide important background detail on the intended scope and purpose of the forest service regulations.  When the forest service finally issued the regulations it took explicit notice of the fact "that prospectors and miners have a statutory right, not mere privilege, under the 1872 mining law and the Act of June 4, 1897, to go upon and use the open public domain lands of the National Forest System for the purposes of mineral exploration, development and production."  39 Fed. Reg. 31317.  Accordingly, the forest service conceded that its authority to regulate surface use was limited because the "[e]xercise of that right [to mine] may not be unreasonably restricted."  *Id*.  And while the first bulwark against this abuse was the development of a bifurcated notification procedure, *see* 36 C.F.R. § 228.4 (distinguishing between Notices of Intent and Plans of Operation), the underlying principle suggests that the forest service's authority to infringe upon mining rights is limited.  *See United States v. Goldfield Deep Mines Co.,* 644 F. 2d 1307, 1309 (9th Cir. 1981) (stating that "the regulation of mining per se is not within the Forest Service

jurisdiction"); *Karuk*, 379 F. Supp. 2d 1071, 1093-94 (concluding that "pursuant to the General Mining Law and 36 C.F.R. § 228, the Forest Service may not interfere with mining that is not likely to result in a significant disturbance of surface resources").

The broader implications of this important limitation on the permissible authority of Department of Agriculture has been explicitly recognized by the Ninth Circuit. *See United States v. Doremus*, 888 F. 2d 630, 632 (9th Cir. 1989) (recognizing that "mining operations 'may not be prohibited nor so unreasonably circumscribed as to amount to a prohibition'") (quoting *United States v. Weiss*, 642 F. 2d 296, 299 (9th Cir. 1981). Therefore, even though the rights enjoyed under unpatented mining claims may be limited by the United States, that limitation may not "materially interfere with prospecting or mining operations." *United States v. Curtis-Nevada Mines, Inc.*, 611 F.2d 1277, 1283 (9th Cir. 1980) (construing the Multiple Use Mining Act of 1955, 30 U.S.C. § 601); *see United States v. Shumway*, 199 F. 3d 1093, 1100 (9th Cir. 1999) (noting that "the government cannot reserve its own land from an unpatented mining claim without paying the miner the value of the claim, because an unpatented mining claim is property").

The upshot is that under the authority of the Organic Act, the "Forest Service may regulate use of National Forest lands by holders of unpatented mining claims... but only to the extent that the regulations are 'reasonable' and do not impermissibly encroach on legitimate uses incident to mining and mill site claims." *Shumway*, 199 F. 3d at 1107. That principle has been violated by the forest service's arbitrary and unreasonable delay in processing Mr. Tracy's initial Plan of Operations.

B.  **The Forest Service's Four Year Delay in Processing Mr. Tracy's Proposed Plan of Operations Unduly Circumscribed Mr. Tracy's Statutory Mining Rights, and Therefore Enforcement of the Regulations in This Case Exceeds the Permissible Authority of the United States Forest Service in Violation of the Due Process Clause of the Fifth Amendment to the United States Constitution**

Mr. Tracy undoubtedly holds a property interest enforceable against the United States Government. *See Best v. Humboldt Placer Min. Co.*, 371 U.S. 334, 336 (1963); *Western Min. Council v. Watt*, 643 F.2d 618, 628 (9th Cir. 1981) (citing *Best*, 371 U.S. at 336). Therefore, Mr. Tracy's mining claim entitles him to protection from government action that arbitrarily delays enjoyment of, circumscribes, or denies his property rights. *See Federal Deposit Ins. Corp. v. Morrison*, 747 F. 2d 610 (11th Cir. 1984) (holding that the guarantee of due process extends to property rights less substantial than full legal title; even a merely arguable right of possession constitutes property); *Rogers v. United States*, 575 F. Supp. 4 (D.C. Mont. 1982) (holding that an unpatented mining claim gave claimant a property interest subject to due process protection of the Fifth Amendment). The government's deprivation of property interests under regulatory authority that exceeds the boundaries of its explicitly delegated powers is prohibited by the due process clause. *See Greene v. McElroy*, 360 U.S. 474, 508 (1959).

Because Mr. Tracy has made a good-faith effort to comply with the applicable regulations, the forest service's four year delay in processing his proposed Plan of Operations exceeded the grant of authority under the Organic Act and impermissibly infringed upon his statutory right to mineral development of the property at issue. *See Weiss*, 642 F.2d at 299 (noting that the regulatory authority under the Organic Act is

Page 5      MOTION FOR JUDGMENT OF ACQUITTAL

limited: "the Secretary may adopt *reasonable* rules and regulations *which do not impermissibly encroach upon the right to the use and enjoyment of placer claims for mining purposes*") (emphasis added).

In *Shumway*, the Ninth Circuit addressed a similar issue: whether language in the Bureau of Land Management manual regarding the establishment of mining claims vested the claimant with an equitable title in the property such that he enjoyed a presumption of the legal right of ownership.  *Shumway*, 199 F. 3d at 1099.  The Court concluded that defendants who own an un-patented mining claim may "defeat a motion for summary judgment [] if they demonstrate that the Forest Service [acted] arbitrarily, and unreasonably circumscribed their milling operations."  *Id*. at 1103.

Although this is a criminal case, the issue is the same.   The United States Forest Service has arbitrarily circumscribed Mr. Tracy's ability to mine his own claim.  Under these circumstances, the government has not met its burden to show that Mr. Tracy was required to have an approved Plan of Operations in order to mine on his own claim.

## CONCLUSION

Mr. Tracy respectfully urges the Court to grant his Rule 29 motion for a judgment of acquittal as to the only count in the indictment.

DATED this 2nd day of November, 2009.

/s/ Brian C. Butler
Brian C. Butler
Attorney for Defendant